[Cite as *State v. Vanvalkenburg*, 2011-Ohio-3804.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | : | JUDGES: |
| STATE OF OHIO | : | W. Scott Gwin, P.J. |
| | : | William B. Hoffman, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
| | : | |
| -vs- | : | Case No. 10-CA-116 |
| | : | |
| | : | |
| ROCKY VANVALKENBURG, II | : | O P I N I O N |
| | | |
| Defendant-Appellant | | |

CHARACTER OF PROCEEDING:        Criminal Appeal from Licking County
                                                        Court of Common Pleas Case No.
                                                        10 CR 300

JUDGMENT:                                   Affirmed

DATE OF JUDGMENT ENTRY:        July 25, 2011

APPEARANCES:

For Plaintiff-Appellee                       For Defendant-Appellant

EARL L. FROST                              HEATHER L. KECK
Assistant Prosecuting Attorney        Bowen & Keck Law, LLC
Licking County Prosecutor's Office    338 South High Street
20 S. Second Street, 4th Floor        Columbus, Ohio  43215
Newark, Ohio  43055

*Edwards, J.*

{¶1}   Defendant-appellant, Rocky VanValkenburg, II, appeals his conviction and sentence from the Licking County Court of Common Pleas on one count of domestic violence. Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶2}   On June 11, 2010, the Licking County Grand Jury indicted appellant on two counts of domestic violence in violation of R.C. 2919.25(A), felonies of the fourth degree.   The victim with respect to Count One was Savannah VanValkenburg, appellant's sister, and the victim with respect to Count Two was Amanda Ellis, appellant's cousin. At his arraignment on June 22, 2010, appellant entered a plea of not guilty to the charges contained in the indictment.

{¶3}   Pursuant to an Entry filed on August 9, 2010, Count Two was amended to assault in violation of R.C. 2903.12(A).

{¶4}   Subsequently, a jury trial commenced on August 23, 2010. The following testimony was adduced at trial.

{¶5}   Amanda Ellis is appellant's cousin. On June 4, 2010, Ellis went to pick up Savannah. Ellis testified that when she arrived at appellant's home, appellant and Savannah were having an argument about Savannah moving out. According to Ellis, appellant had broken a fan of Savannah's using a baseball bat.

{¶6}   Ellis was questioned about a 911 call that she made to police that day. The following is an excerpt from her trial testimony:

{¶7}   "Q. On the 9-1-1 call you made reference to getting up into her face or he's hitting her.  Did you see the defendant striking Savannah?

{¶8}    "A. They both were in each other's faces.

{¶9}    "Q. So do you recall him striking Savannah?

{¶10}   "A. I remember them striking each other, yes."  Trial Transcript at 89.

{¶11}   Ellis testified that at some point, a neighbor came over and pulled appellant off of Savannah.  Ellis testified that Savannah was bleeding that day from the mouth and nose.

{¶12}   On cross-examination, Ellis testified that appellant and Savannah were hitting each other and that she did not have an opportunity to see who hit who first.

{¶13}   At trial, Savannah VanValkenburg testified that appellant got upset about her moving out and took her baseball bat and used it to break her fan. She testified that they then "struggled with the bat and we got away from each other and then we just attacked each other." Trial Transcript at 119. Savannah was unable to recall whether appellant hit her in the face, but testified that her nose was bleeding. Savannah testified that there was blood on her jeans and that she got hit in the mouth when she and appellant were fighting. She was unable to recall whether appellant struck her in the mouth and testified that appellant was drinking that day.

{¶14}   Savannah testified that at some point, a neighbor came over and grabbed appellant.

{¶15}   On cross-examination, Savannah testified that at the time she gave her original statement to the police, she was angry. She testified that her trial testimony was more accurate because it was not affected by anger. She testified that she did not remember who went after the other first, but that she and appellant both went after each other. Savannah testified that she hit appellant with a fist or open hand and that she

pushed him and shoved him. Savannah also testified that she was prone to nosebleeds when her adrenaline was up and it was hot outside and that, on the day in question, it was hot. She also testified that she was as physically aggressive as appellant in the fight.

{¶16} The next witness to testify was Douglas Bowlby, appellant's neighbor. Bowlby testified that, on June 4, 2010, he was inside with his wife when he heard a commotion outside. When Bowlby went outside, he saw appellant and Savannah involved in an altercation and saw appellant hitting a fan with a baseball bat. Bowlby testified that, at some point, appellant and Savannah got into a physical altercation and were throwing punches. Bowlby was unable to say how the altercation started. Bowlby testified that he intervened and moved appellant down to the sidewalk while Savannah went up on the front porch. According to Bowlby, appellant then broke away and ran up onto the porch and struck Savannah in the face with a closed fist. Savannah then tackled appellant over the porch rail.

{¶17} On cross-examination, Bowlby testified that when appellant ran up onto the porch, appellant said something about getting a cell phone and calling the police. He testified that before appellant hit her in the face, Savannah was "flailing around" while waiting for appellant on the porch. Trial Transcript at 150. Bowlby was unable to say whether, before appellant hit her, Savannah attempted to hit appellant.

{¶18} Officer Brandy Huffman of the Newark Police Department testified that Savannah was upset and crying and had blood on her pants and was holding a bloody towel up to her nose when the police arrived on the scene. She testified that appellant

had some injuries to his knuckles, but did not have a black eye, bloody lip or bloody nose. Appellant appeared to be intoxicated.

{¶19} At the conclusion of the evidence and the end of deliberations, the jury, on August 23, 2010, found appellant guilty of one count of domestic violence and not guilty of assault. The jury further found that appellant previously had been convicted of domestic violence. Pursuant to a Judgment Entry filed on October 13, 2010, appellant was placed on community control for a period of three (3) years.

{¶20} Appellant now raises the following assignment of error on appeal:

{¶21} "I. THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHERE THERE WAS CONFLICTING AND CONTRADICTORY TESTIMONY REGARDING WHO CAUSED THE VICTIM'S INJURY."

I

{¶22} Appellant, in his sole assignment of error, argues that his conviction for domestic violence was against the manifest weight of the evidence. We disagree.

{¶23} In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, 'weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *State v. Thompkins,* 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, quoting *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717.

{¶24} Appellant was convicted of domestic violence in violation of R.C. 2919.25(A). Such section states as follows: (A) No person shall knowingly cause or attempt to cause physical harm to a family or household member. Appellant specifically contends that, reviewing the record as a whole, there was no evidence establishing beyond a reasonable doubt that appellant caused physical harm to Savannah VanValkenberg. Appellant notes that Savannah, when asked whether appellant struck her in the mouth, testified at one point that she did not recall. Appellant also notes that Savannah was unable to recall whether appellant had punched her and testified that "we just attacked each other." Trial Transcript at 130.

{¶25} However, testimony was adduced at trial that appellant was angry with Savannah because she was moving and had used a baseball bat to break her fan. Amanda Ellis testified that she recalled appellant striking Savannah and that a neighbor came over and pulled appellant off of Savannah. In addition, Douglas Bowlby, who is not related to either appellant or Savannah, testified that, after he separated the two, appellant ran up onto the porch and struck Savannah in the face. Officer Huffman testified that Savannah was upset and crying and had blood on her pants and was holding a bloody towel up to her nose when the police arrived. Based on the foregoing we find that the jury did not clearly lose its way and create such a manifest miscarriage of justice that the conviction for domestic violence must be reversed and a new trial ordered.

{¶26} Appellant's sole assignment of error is, therefore, overruled.

{¶27} Accordingly, the judgment of the Licking County Court of Common Pleas is affirmed.

By: Edwards, J.

Gwin, P.J. and

Hoffman, J. concur

_____

_____

_____

JUDGES

JAE/d0523

[Cite as *State v. Vanvalkenburg*, 2011-Ohio-3804.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| ROCKY VANVALKENBURG, II | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 10-CA-116 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant.

_____

_____

_____

JUDGES